UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re R. SUSAN WOODS, | ) | Civil No. 20-30026-LTS |
|  | ) | Civil No. 20-30047-LTS |
| Appellant. | ) | Civil No. 20-30060-LTS |
|  | ) |  |

## ORDER ON MOTIONS PURSUANT TO FED. R. APP. P. 24(a)(3)(A)

October 22, 2020

SOROKIN, J.

On September 29, 2020, this Court affirmed two orders of the Bankruptcy Court in proceedings related to R. Susan Woods's Chapter 7 petition, and it dismissed a third appeal by Woods that sought to challenge a third Bankruptcy Court order.[1]  Woods has noticed appeals to the First Circuit of this Court's orders rejecting her three appeals.  In each of the three cases, the appellee has filed a motion pursuant to Federal Rule of Appellate Procedure 24(a)(3) asking this Court to certify that Woods's appeal is not taken in good faith, to essentially terminate her in forma pauperis status in these matters, and to require her to pay the typical appellate filing fees.[2]  No. 20-cv-30026, ECF No. 46; No. 20-cv-30047, ECF No. 34; No. 20-cv-30060, ECF No. 48.  Woods has opposed the motions.  No. 20-cv-30026, ECF No. 47; No. 20-cv-30047, ECF No. 35; No. 20-cv-30060, ECF No. 49.  Having considered the parties' submissions and based on the

---

[1] This Court's orders are found at:  In re Woods, No. 20-cv-30026, ECF No. 41 (D. Mass. Sept. 29, 2020); In re Woods, No. 20-cv-30047, ECF No. 29 (D. Mass. Sept. 29, 2020); In re Woods, No. 20-cv-30060, ECF No. 43 (D. Mass. Sept. 29, 2020).  In this Order, the Court will cite documents appearing on the electronic dockets in these matters using the District Court case number and the ECF document number, with any pincites referencing the page numbers assigned by ECF (e.g., "No. 20-cv-30060, ECF No. 48 at 2").

[2] In one appeal (No. 20-cv-30026), the appellee is a party to an adversary proceeding in the Bankruptcy Court.  In the other two appeals (Nos. 20-cv-30047 and 20-cv-30060), the appellee is the Chapter 7 Trustee.

Court's thorough review of the entire record in connection with its recent orders resolving the appeals, the appellees' motions are ALLOWED.[3]

Under the federal in forma pauperis statute, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  Regardless of any subjective good faith on the part of the appellant, "good faith" within the meaning of § 1915(a)(3) is demonstrated only when a litigant seeks "appellate review of any issue not frivolous."  Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim raised on appeal is frivolous if "no reasonable person could suppose [it] to have any merit."  Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000); see Acosta Abreu v. United States, 308 F.2d 248, 248 (1st Cir. 1962) (per curiam) (denying leave to proceed in forma pauperis under § 1915(a) because "the appeal is obviously wholly without any merit whatsoever and entirely frivolous").  In assessing good faith, the Court also may consider whether the record includes evidence suggesting bad faith on the part of the appealing party.  Tweedy v. United States, 276 F.2d 649, 651 (per curiam) (9th Cir. 1960); cf. Ellis v. United States, 356 U.S. 674, 674 (1958)

---

[3] Woods was permitted to proceed in forma pauperis in two of the three appeals that were before this Court.  No. 20-cv-30026, ECF No. 36; No. 20-cv-30060, ECF No. 14.  In the third, she did not seek such status at the outset of her appeal to this Court, nor has she requested it for purposes of her appeal to the First Circuit.  In that case, Woods attached an application to proceed in forma pauperis as an exhibit supporting a motion seeking an extension of time to file her brief, which arose from financial constraints which had prevented her from obtaining certain transcripts in time to submit a timely brief.  No. 20-cv-30047, ECF Nos. 10, 10-2.  She did not separately seek such status, nor did this Court grant it, at that time or thereafter.  In any event, Woods's inability to surmount the good-faith standard, as the Court certifies herein, means she may not avoid the usual filing fees associated with her appeals by either securing from this Court in the first instance (in No. 20-cv-30047) or retaining (in Nos. 20-cv-30026 and 20-cv-30060) in forma pauperis status on appeal.

(per curiam) ("In the absence of some evident improper motive, the applicant's good faith is established by the presentation of any issue that is not plainly frivolous.").

The Federal Rules of Appellate Procedure echo § 1915(a)(3), providing:

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless[] . . . the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification . . . .

Fed. R. App. P. 24(a)(3)(A).

The Court finds that Woods's appeals to the First Circuit are not taken in good faith for two independent reasons.  First, considering the appeals objectively, they are frivolous.  There is simply no basis in fact or law to support a colorable, good-faith challenge to this Court's September 29, 2020 Orders (or to support any further challenge to the relevant orders of the Bankruptcy Court).  Woods admittedly and repeatedly failed to comply with orders of the Bankruptcy Court requiring her to vacate a house that was property of the estate, and such conduct justifies denial of discharge under the straightforward application of the Bankruptcy Code's plain language.  Woods's challenge to the sale of that house in March 2019 was previously resolved against her through three levels of federal courts, and there is no legal or equitable justification for permitting her to relitigate that challenge now.  And, there is no basis in this case to either excuse Woods's failure to make timely submissions required by Court order in connection with the appeal this Court dismissed, or to permit the reopening of proceedings following a trial at which Woods was permitted to testify and offer whatever evidence she wished.  Though Woods's submissions opposing the appellees' motions list numerous questions she believes warrant further review, most of them are beyond the proper scope of her appeals to the First Circuit.  See No. 20-cv-30026, ECF No. 47 at 2-5; No. 20-cv-30047, ECF No. 35 at 2-4.

Accordingly, this Court certifies that Woods's three appeals are wholly meritless and patently frivolous.

Second, the record contains evidence suggesting Woods is proceeding with subjectively improper motives.  For example, her submissions to this Court are replete with vitriolic but (on the objective record) unfounded asseverations of misconduct by the Trustee and requests that a variety of actions be undertaken with respect to him (ranging from his discharge as Trustee to criminal investigations).  E.g., Doc. No. 19 at 61 (accusing the Trustee and the Bankruptcy Court of "nearly g[etting] her killed," and stating that for the Trustee "to be pilloried as a result of his actions in this matter would not be near enough").  In written submissions to both the Bankruptcy Court and this Court, Woods also has railed against "sociopathic bankers" whom she blames for the loss of two houses she once owned.  E.g., No. 20-cv-30060, ECF No. 33-16 at 5; see also id., ECF No. 33-15 at 24 (announcing Woods's belief that her "situation will eventually improve once I hold the banks accountable").  In her own words, expressed in a "Victim Impact Statement" dated October 7, 2019:

> I am determined to hold bankers accountable for their vast conspiracies to commit felonies and frauds.  I am determined to reclaim my life.  [The Trustee] has taken everything from me, and left me ridden with debt . . . .  He has claimed my intellectual property . . . . He has destroyed every avenue I had to move forward, with the full cooperation of the Bankruptcy Court, which feigns ignorance and otherwise enables him.

> This charade, this mockery of justice, is grotesque.  Our democracy is demoralized.

> I live to reverse this disgrace, upon myself, upon the courts, upon my peers, upon our land.

Id., ECF No. 33-17 at 2.  Accordingly, this Court certifies that Woods's three appeals are motivated by subjective bad faith and are taken for the improper purposes of harassing the Trustee, attempting in these appeals to continue her campaign against banks and mortgage lenders (despite these appeals not presenting appropriate avenues in which to air such

grievances), and/or thwarting the final resolution of the bankruptcy proceedings in a manner she finds unsatisfactory.

For the foregoing reasons, considering the totality of the unusual circumstances presented by these cases, the appellees' motions pursuant to Rule 24(a)(3) (Doc. No. 46 in 20-cv-30026, Doc. No. 34 in 20-cv-30047, and Doc. No. 48 in 20-cv-30060) are ALLOWED.  Pursuant to Rule 24(a)(4)(B), the Clerk shall notify the First Circuit and Woods (via ECF notice) of this Order.  Pursuant to Rule 24(a)(5), Woods may file motions in the Court of Appeals seeking to proceed on her three appeals in forma pauperis.

SO ORDERED.

 /s/ Leo T. Sorokin                          
United States District Judge